```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MEL THOMPSON,                      :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :
                                   :   CASE NO. 3:06CV680 (RNC)
MEXICO CONSTRUCTION, LLC., ET      :
AL.                                :
                                   :
     Defendants.                   :
                                   :
```

## RULING ON MOTION FOR SANCTIONS

Pending before the court is the motion of defendants Hamden Police Department ("HPD"), Hamden Board of Police Commissioners, and City of Hamden for sanctions pursuant to Fed. R. Civ. P. 11 (doc. #101). The defendants argue that the *pro se* plaintiff has violated Rule 11 by maintaining a legally deficient claim against HPD despite being put on notice of the failings of his claim.[1]

The defendants argue that "[a]s a matter of law, the Hamden Police Department is not a body politic or an entity capable of being sued either for federal constitutional violations or common law negligence. This is not merely an issue with regard to pleading or proving some elements, the question is

---

[1] The plaintiff filed his case on May 1, 2006. Defense counsel wrote to the plaintiff on June 27, 2006 and again on July 19, 2006, notifying him of this alleged legal defect. (Doc. #101, Ex. A, B.) Those letters provided the plaintiff with citations of the caselaw on which the defendants now rely. In accordance with the requirements of Fed. R. Civ. P. 11(c)(1)(A), the defendants served their Motion for Sanctions on the plaintiff on or about August 4, 2006 and filed it with the court on August 28, 2006, after the "safe harbor" period of 21 days had passed. (Doc. #101.)

jurisdictional." (Doc. # 101 at 2, internal citations omitted.)[2] The defendants have not cited any Connecticut appellate cases establishing that rule. They rely on Levine v. Fairfield Fire Department, No. No. X01CV890146670S, 1999 WL 241734, *3 (Conn. Super. Ct. Apr. 19, 1999). Levine is a Superior Court case that cites no appellate law for the rule it announces.[3]

The plaintiff, in his opposition, sets forth a detailed analysis of the meaning of the term "body politic" and argues that the HPD falls within that definition. He also cites a written opinion from Attorney General Richard Blumenthal which, in his interpretation, indicates that an entity such as a police department might be a body politic.

The court need not decide whether the plaintiff is correct in his analysis about a police department being a "body politic." It is enough to say that the defendants' position is not based on an appellate court's clear and indisputable statement of law, and the *pro se* plaintiff does have some reasoned basis for arguing that the law is either on his side or should be modified. Under

---

[2]The court has recommended dismissal of the complaint against HPD, although on different grounds.

[3]Levine, like the defendants' brief, cites Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 178 (1988), but that citation is only for the proposition that some administrative entities are in fact bodies politic. Gordon does not hold that a police department cannot be sued. The defendants also rely on Foley v. Danbury, No. 3-00-CV-712 (JCH), 2001 WL 263302 (D.Conn. 2001) which, again, relies on Levine and Gordon.

2

these circumstances, the plaintiff has not violated the Rule 11 requirement that his pleadings be "warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). Whatever the merits of plaintiff's argument, the court finds that his position is "not so untenable as a matter of law as to necessitate sanction." Salovaara v. Eckert, 222 F.3d 19, 34 (2d Cir. 2000).

For the foregoing reasons, the court denies the defendants' Motion for Sanctions, doc. # 101.

SO ORDERED at Hartford, Connecticut this 9th day of March, 2007.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge